somehow to gang-related activity, the statute's not actually targeting gang violence and doesn't bear a reasonable relation to the legislative purpose of decreasing gang violence. Similarly, the Eighth Amendment violation arises because the lack of any required connection between the firearm possession and gang member's status shows that the statute is exposing the defendant to enhanced criminal liability based on his unrelated associational status as a gang member. And what's at the heart, really, of both of these constitutional challenges, the Eighth Amendment and substantive due process challenge, is that guilt has to be personalized. To comport with the Constitution, guilt has to be personalized based on some specific personal involvement in some specific criminal conduct to warrant criminal liability. Criminal liability cannot be based on associational status with others who may or may not be committing crimes. And the United States... Who's possessing a gun without a FOID card? Isn't that a crime? Isn't that conduct? Certainly, it's conduct. But, you know, the United States Supreme Court in Scales v. United States explained that the substantive due process standard for permissibly criminalizing associational status requires a connection between that conduct, that FOIDless firearm possession, and gang membership. So that gun possession, the statute would have to require that the state prove that the FOIDless gun possession be gang-related somehow, somehow related to gang activity. That's in the... Part of the offense, isn't that an element of the crime? Don't they have to comport with the activity? Is that very specific? So that... Just to be clear on what you're asking. So the statute has to... The statute has to... The state has to prove that the gang is, in fact, a street gang under the statute. But the statute doesn't... The defect is that the statute doesn't require that the state show that the defendant's gun possession was somehow related to or in furtherance of gang-related activity somehow. But isn't that inherent in the definition of what a street gang member is? I mean, it's not any gang member. It has to be specifically within the parameters of the statutory definition. Sure. So the state has to show that the defendant is a member of a gang, as it's defined under the statute, and has to show that he's engaged in this FOIDless firearm possession. What's missing is that the state... The statute doesn't require that the state show that the possession, the FOIDless firearm possession, is related or in furtherance of gang-related activity somehow. That's the nexus that's missing. And the statute at issue here doesn't do that. It punishes mere membership in a street gang, mere association. How is it any different than UUW by a felon? So the difference is that the United States Supreme Court has explained that associational status is different than... And the state points this out in their brief, that we have lots of statutes that impose enhanced criminal liability based on some combination of status or group membership, UUW felon, zero tolerance DUI under the age of 21. But associational status is different because association is protected and we have very specific guidance from the United States Supreme Court. And again, I'm speaking specifically of that scales decision where they say, what is required to pass constitutional muster? If our criminal laws attempt to attach criminal liability, burdening the right to associate, the permissible substantive due process standard for substantial relationship, they said, is this substantial relationship or connection between the associational status and that underlying criminal charge and underlying criminal conduct. Well, I would agree with you, except for the fact that it's not any gang member. It's the gang members specifically defined by the Illinois legislature. Sure. And the state may meet that element and yet there may still... He may be out hunting and may be a gang member and he's... Then the liability is then attaching because of his gang membership, not because of any personal conduct on his part. That's... Well, that's not it. But no, that's my whole point. It's not any gang member. You and I can join a gang. And if we get a third person, we still don't come within the definition, the umbrella of how that's defined in the statute. Unless we're doing all the things that they say that the state's got to prove up in court with what the statute requires. Sure. But the legislature has already spoken out on what they think criminal liability should be for simple possession of a firearm without a FOIA card. That's only a class A or at most class four offense, depending on whether it's charged as UUW or at UUW. It really is the gang membership, the membership, the association by itself here that is triggering the class liability. Which leads me back to my original question. How is that any different than UUW by a felon? Because we don't have specific United States Supreme Court authority on UUW felon or DUI saying that there has to be this connection between the conduct and the membership. The possession has to be in furtherance of or related to gang activity somehow under the scales standard. And I would also submit, people who fall into the categories of felons or minors or... These categories are created by the law and the rights and restrictions and boundaries of these legal categories necessarily need to be drawn out under the law. But the United States Supreme Court has told us that associational status is different. We don't have the same kind of holdings on UUW felon or DUI, zero tolerance DUI that we do for associational status. Well, so you're saying that the difference is that the felon is not based upon an associational status. It's based upon his personal status. That's correct. As opposed to the status of other people and the status of this group. That's correct. That's correct. We have... Scales tells us that guilt cannot be based on associational status because otherwise we're reviving the doctrine of guilt by association. It has to be based on personalized conduct. But again, I draw your attention to the statute. It's not any gang member. It's a specific gang member that engages in specific gang-related conduct. It doesn't say the conduct has to be gang-related. That is the problem. That is the definition in the statute. Okay, Your Honor. I understand the point you're making. My saying is it needs to be spelled out more clearly, you believe, to clarify that it can't be any gang member. It has to be a gang member that engages in certain gang-related conduct. I think the statute has to have a requirement that the conduct that is being outlawed, in this case, the FOID-less firearm possession, must be connected to his gang membership somehow, must be in furtherance of... Maybe it would help by way of example. There are other states, for example, that have upheld statutes where similar challenges have been made. For example, in Gardalee, a California Supreme Court case, this was cited by the OC decision that this court requested supplemental briefing on. In Gardalee, the California Supreme Court upheld a statute that provided a defendant's sentence could be enhanced if he committed a with the specific intent to promote further or assist in any criminal conduct by gang members. And so the California Supreme Court found that the statute didn't impose criminal penalties for mere gang membership. Instead, the underlying criminal conduct, it spells out that it had to be for the gang's benefit and assisting the gang in committing criminal conduct. And so that nexus was there between the conduct and the associational status. I can give another example, if it would help the court. In Georgia, and I apologize, I didn't cite this case in my brief, but I can give you the site. It's Georgia v. Rodriguez, 671 SE 2nd 497. It was a 2009 case out of the Georgia Supreme Court. And there, the Georgia Supreme Court upheld a statute that provided it shall be unlawful for any person employed by or associated with a criminal street gang to conduct or participate in criminal gang activity through the commission of any offense enumerated in, and then there's a list of enumerated offenses, that fourth in the statute. And so there, the Georgia Supreme Court noted that to be constitutional, you need this connection between the criminal conduct and gang membership, that the criminal conduct has to be in furtherance of gang membership somehow. But the statute, as it was written, satisfied that requirement. So those are the kinds of models I think our legislature could look to in curing the And I wanted to point out one more thing. Are you arguing that being a felon is not a status? It's not an associational status that has been granted. It's not an associational status, counsel, it's a personal status. Correct. Correct. And it's a personal status. It's not an associational status. And the United States won't do it. I'm not aware of any case law out there that says being a felon is not a personal status. Maybe I'm just not aware of it. No, I'm sorry. Maybe I was not clear. I'm saying that being a felon is a personal status. But being a gang member, for example, or part of a member of an organization is an associational status. And we do have precedent from the United States Supreme Court stating what the substantive due process standard is when a statute tries to criminalize associational status. And it requires this connection in the statute between the membership in that organization and the conduct, the giving rise to the charge. But doesn't the statute do that? It doesn't do that. We know that because the conduct, the legislature has told us that criminal liability for simple possession of a firearm without a FOIA card is a class A offense under UUW or a class four offense under ADD UUW. It's the gang membership that is triggering this class two liability. It is really just the membership in this organization that is the basis for the criminal liability to attach. You can't just be a gang member and you have to meet the criteria set forth for how that term is defined. And it's not just being a gang member. But it's a criminal, it's a gang member. Please correct me if I'm wrong. Maybe what you're getting at is that the legislature has a very specific definition of street gang that applies to the statute that makes it clear that it's a criminal organization. But is that what you're getting at? What I'm getting at is how the term is defined in the statute. And it's not any person who's in a gang. Well, so that's correct. I mean, it has this very specific, it's not any person. It's the defendant who has committed this conduct and is also in a gang. But it is engaged in a course or pattern of criminal activity. Correct. Correct. But you know, and so that is a specific type of organization or association. It's an associational status, nevertheless. One of the cases, for example, that the state cited was Holder v. Humanitarian Law. And there, that had to do with providing a constitutional challenge to a statute that was about providing material support to a known terrorist organization. And even in that case, the United States Supreme Court said, you know, mere membership, and even in a criminal, in a terrorist organization, is not enough to attach criminal liability. You have to have the person come on in. That's my point. I absolutely agree with that. Okay. Okay. If it was a gang member, I would totally agree with your argument. But it's not. If I could point out one more thing, the state, in its supplemental brief, cited some legislative history in support of their argument. I think, actually, though, that the legislative history they cite actually demonstrates that the legislation had an unconstitutional purpose or intent from its inception. And they cite some comments, I think it's page four of their supplemental brief, they cite some comments from the House transcript of the 96th General Assembly, specifically the comments of Representative Acevedo, who said that, the purpose of this legislation is to protect innocent citizens in public areas by severely and justly punishing those individuals who are most prone to cause violence in public areas, mainly gang members. And I thought these comments were really telling. Because, in essence, what this lawmaker is saying is that the purpose of this legislation is to more severely punish those who we think are the most prone to violence based on who they associate with. But under the Constitution, you can't attach criminal liability just because you think someone could be prone to more violence based on who they're hanging out with. So I think the legislative history reveals that the intent of the legislation was unconstitutional from its start. What about all those other things you have to do? Like be involved in offense committed after the date of the act and committed within five years of each other. And at least one offense involved a solicitation to commit conspiracy to commit, attempt to commit or commission to commit any offense defined as a felony or force of the felony. So that's the definition of the street gang that applies, correct? So the defendant personally doesn't have to do all those things. And the defendant personally doesn't have to be involved in any of those things. He just has to have mere membership in an organization that has done those things. But again, the United States has to be. One second, please. Mary Ellen, I have a moment, please. Mr. Walters, do not do that. You're shaking your head. You test your talking while she's talking by shaking your head. Just hold tight. You're going to get a chance to argue, but you've got to let her argue without all the expressions and reactions and head shaking. Please don't do that. That's rude. I've never seen that in oral arguments before. This is a first. Your Honor, counsel's misstating the law to this court. See, there you go again. You'll get a chance to talk. What you're doing is inappropriate. I just need to make a point. Counsel's misstating the law. But you can't sit there and shake your head. So obviously you're not getting what we're admonishing you on. It's not that you'll get a chance to speak. That's rude. Please don't do that. I've never seen that before in oral arguments. Okay. Justice Cogler, I apologize. You can continue. No problem. It's probably my fault. I'm monopolizing this with all of my questions. I hope you don't think I'm harassing you. No. You're doing a very good job withstanding all of these questions. No. Well, thank you. Please. Bottom line, though, is I think that you're overlooking the fact that this is not just some person who's being accused of something merely because he's thought to be a gang member. He's also someone who's in possession of a firearm without an FOID card. He meets specific criteria delineated by the legislature, which you may or may not agree with it. I may not agree with it. But it's not my job to come up with those definitions. It's the one our legislations have. I understand your point, Your Honor. I would point you, though, to those decisions in OC and Bonds, for example. There was criminal conduct or in our rebuttal, for example, the case that I cited in my motion to cite additional authority. You know, that had to do with a statute enhancing liability for gang members who commit the offense of threatening and intimidating a specific offense, a specific criminal offense. And that was struck down because there was no requirement that the threatening conduct be related to gang activity somehow. And it may be that the legislature in the abstract found that generally there might be some correlation between that criminal offense of threatening, intimidating and gang membership. But it didn't satisfy that notion of personalized guilt under the due process standard that the statute had to require in every individual case that the state show that the criminal conduct be gang related. The Florida statute? I was just discussing our rebuttal to Arizona statute. But yeah, it's the same thing in the Florida statute. You know, in that one, both OC and Bonds, those cases enhanced criminal penalties for a variety of offenses if the offender was a gang member. And it was struck down in both of those cases because there was no connection between the gang member status and the specific criminal conduct. I agree with you, but I think that the Illinois statute is a lot more specific and comprehensive than these two statutes. So sure, that is true. And in OC and Bonds, there was a broad variety of offenses for which gang membership could trigger that enhancement. But if you look at the language in those decisions, both cases, they weren't focusing on the broadness or narrowness of the subset of offenses for which gang membership can serve as an enhancing factor, which I know that's the distinction that the state was trying to draw too. But the language of the decisions are all about the lack of the nexus or connection between the illegal conduct and the gang member status. In OC, they say, we conclude that because the statute punishes gang membership without requiring any nexus between the criminal activity and gang membership, it lacks a rational relationship to the legislative goal of reducing gang violence. Similarly, for example, in this statute, if there's no requirement that the gun possession be related to gang activity somehow, then the legislation isn't really targeting gang violence. It doesn't have that reasonable relationship. Um, were there any other questions that I could answer for this court? Um, well, then, for the reasons argued here and in the written briefs, we respectfully request that this court strike down the possession of a firearm by a street gang member statute as facially invalid. Okay, thank you, Ms. Punjabi. And again, Mr. Walters, even after I reminded you, you can't control your hands. You've got to be able to control that, even if she's misstating the law. What you're doing, Mr. Walters, is totally inappropriate. You may argue now, Mr. Walters. Okay, please, the court. With respect, we have a public health crisis in the city and in this state. 3,465 people were shot in the first 10 months of this year in the city of Chicago alone. There were 655 murders up through October of this year. Now, we know from statistics that most of these, most of the homicides are committed with firearms. We know from statistics that about half of these shootings are gang-related shootings. We know this. The comments from that council alluded to in my briefs from the Illinois lawmakers make clear that they are well aware that there's a link between illegal public gun possession by gang members so defined by the statute. And as Justice Coghlan pointed out, I was going to read, actually read the statute to this court. I'm not going to do that now. I'm sure Justice Coghlan is well aware. I don't need to belabor the point, but it is a misstatement of law to say that the statute does not define what a gang member is. That's number one. And it's critical to this case because the statute, as Justice Coghlan was pointing out, pretty graphically limits who is a gang member who could be held accountable, who could be liable under the statute to people that are actually actively involved in the criminal enterprises for which the gang exists. It is a criminal enterprise. So we're not talking about a mere association. There have been two constitutional claims raised before this court. The first is an Eighth Amendment claim. The people submit that that one's properly before this court. It wasn't raised in petitioners post conviction petition. Normally, there's the very hard and fast forfeiture rule with respect to issues not raised in the post conviction petition being raised on appeal. In light of the Illinois Supreme Court case of In Re and G, the people acknowledge that a facial challenge to a to a constitution can be raised on appeal from a from dismissal of a post conviction petition, even if it wasn't raised in the petition. So with respect to the Eighth Amendment, cruel, unusual claim, that one is before this court. Yes, yes, your honor. I didn't say anything. I'm sorry. That was my email. Gotcha. With respect to the Eighth Amendment claim, the people submit that's a nonstarter. It's been fully dealt with in the briefs. If I need to, I'll circle back to it. The people's concern here. The people submit that the substantive due process challenge has not been properly presented to this court and that this argument, in effect, presents the problems with trying to argue a constitutional claim through motions, through an oral argument, in effect, chucking the of the elected representatives of the people, the state of Illinois, which should be given the utmost consideration, especially when it's when we're talking about a public health crisis to the degree that we're talking about. This should this should be thoroughly vetted and considered and to do so in the manner through a motion to cite additional authority, which I received no advance notice of the only notice I received was after the court had actually ruled on the motion. So I've never really been given an opportunity to respond for the court ruled on a motion. There was no courtesy copy sent me ahead of ahead of the court's ruling. To argue in such a fashion leads to a situation where cases are being cited to this court that have not been cited in any brief scales. I'm prepared to argue these points. I am prepared to argue, but I point out that this puts both both parties really both both counsels in a difficult position. It also puts this court in a difficult position, having to respond to cases being cited to them orally that have not been discussed in a brief that both sides haven't had a chance to address. Defendant has relied a lot on on the scales decision. Again, I'm prepared to discuss it, but but this is why in order to properly present an issue before the court, it should be it should be raised in the brief. It was not raised in defendant's opening or reply briefs, even reply brief in this in this court. It was defendant raises it in a motion to cite additional authority claims that they raised it in a sentence in a supplemental brief that they filed. And I submit that under Supreme Court Rule 341 governing briefs, that is not proper presentation of an argument that that is actually subject to being disregarded by the court. And that's an Illinois Supreme Court rule. You cannot argue you cannot raise a constitutional claim simply in a sentence in a brief. It needs to be it needs to be supported by relevant authority here. Defendant is arguing scales. I mean, that is a perfect example. That sort of argument should have happened in a brief. It should have had proper notice. Both parties with a chance to read those cases, distinguish them, address them. This court with an opportunity to read all that ahead of time before this oral argument. So I submit to you that that this substantive due process claim is not properly presented before this court. I would add to I'm well aware that this court asked a question regarding two cases, the Tennessee case and the Florida case. You'll see in bonds and you responded. Parties responded to that particular question. That is not raising a constitutional issue. This court cannot do that. That is very clear from American jurisprudence in cases cited by the only Supreme Court in in which Illinois Supreme Court has referred to US Supreme Court precedent. This court doesn't raise issues. It's up to the parties to raise the issues. And defendant has not properly raised this issue. So it puts everyone behind the eight ball to try to try and address this issue on the fly in an oral argument. So I submit, first of all, it's not properly raised. But assuming arguendo that I must address this claim, I would just first point out the two cases that defense relying on one in a motion to cite additional authority, the Arizona case and the scales case are both completely distinguishable cases. I would point out that the scales case has not one but six points of distinction, very serious points of distinction between this case and our case. I would point out that the scales case is a 1961 case dealing with an anti-communist law that basically made it a crime to be a member of the Communist Party. The scales case dealt with the Smith Act and the Smith Act prohibited membership, purely membership in a group that had an objective, the violent overthrow of the government. That some mere membership was enough to justify criminal prosecution. Now, that case has been distinguished and limited by none other than the case that I Holder, by the way, was Eric Holder, the attorney general under President Obama. That's a recent case, 2010. It distinguished and limits the scales case. And it applies exactly as I pointed out in my brief to a case like this one, where one is not simply a mere associate of something or other, but an actually contributing member to a criminal enterprise, a criminal terrorist enterprise. That's what a street gang is. That's how it's defined in our state. In fact, it's defined under the Illinois street gang terrorism. We call it the Stop Act, but that's how it's defined in our state. Now, I'd like to get to the six points of distinction between the Arizona case and our case. First of all, the Arizona offense, it wasn't illegal public possession of a gun in a situation where there have been many gang shootings. It dealt with the offense of making a verbal threat. Really, a misdemeanor making a verbal threat. That's point of distinction one. Point of distinction two, the facts of that case. It arose out of a shoplifting incident. Now, this is something that the court in OC, which is one of the cases that this court wanted us to address, the Florida case, the OC case, specifically mentioned that that something like a misdemeanor shoplifting and enhance it merely because somebody was a gang member. Now, what constitutes a gang member in Arizona? Now, I bring this up because our statute, and there are really two statutes here. We're really talking about two statutes. We're talking about the offense statute, which is 720 ILCS 5-24-1.8, and then we're talking about the definitional statute, which does define what a gang member is, what a street gang is, and what gang-related criminal activity is. It defines all of those things. And the Illinois Supreme Court has determined these are elements of the crime that have to be proved beyond a reasonable doubt. So these are part and parcel of the offense, the definitions of the stop back, which is 740 ILCS 147-1 at sequence. And again, I feel bad. I'm having to cite things to you orally that really ought to have been in a brief, and I don't think that this is right. I don't think this is proper appellate procedure, and it puts everybody behind the eight ball. So what is it about our statute versus their statute? Well, the Arizona statute defines a gang member by somebody who wears tattoos, colors, or clothing. I'm not kidding. The statute is, let me give you the site. Again, this is in the Arizona case cited by the defendant in the motion to cite additional authority. It's Arizona revised statute, section 13-105, defines what a gang member is. You just have to meet two of seven criteria to be in a gang. Tattoos is one of them. Clothing or colors is another. Now, that's frankly ridiculous. Somebody who's wearing, say, the Atlanta Falcons gear and happens to have a tattoo as a gang member for a misdemeanor offense in Arizona, that has nothing to do with the statute as defined in Illinois. And if you just simply did a side-by-side comparison of the statute here in Illinois with the statutes of Florida, Tennessee, and Arizona, these three southern states, you'll see that they have nothing in common with ours. Now, I do want to point out that the Arizona case cited an Ohio case, State versus Woodbridge. Guess what? And that statute was upheld. The Ohio statute was upheld. And if you look at the Ohio statute and our statute, it's virtually verbatim. They're very similar statutes. So if the Ohio statute is valid, and it's similar to ours, and it's very dissimilar to the Arizona statute as the Arizona court itself recognized, then ipso facto, this statute's constitutional right then and there. But the third point of distinction, the Arizona court pointed out a ludicrous example of how broad the brush was that the Arizona statute painted with. They pointed to an example of a case where a son, a teenage son, yells a threat to his mother. And unbeknownst to the mother, the teenage son happens to be a member of a gang, which means he wears some certain colors, and he has a tattoo or something. Arizona said that under their statute, that would be enhanced from a misdemeanor, mere misdemeanor, to a major felony. Well, that's ridiculous. That is nothing like the incident case where we're talking solely about one type of offense, and that is illegal public possession of a firearm when we're talking about shootings. The same hand that possesses is the hand that shoots. So that's a very different scenario. The fourth point of distinction is the difference in the statutory schemes. The Arizona scheme is very much like the Tennessee scheme. In the Tennessee case of bonds, which this court asked us to look at, the Tennessee case looked specifically at another ludicrous example. If you happen to be a member of a college fraternity, you could be prosecuted under that offense. That's not the case in Illinois. Look at the statute. Look at the definitions of gang member, of street gang, and gang-related criminal activity. There's no way that you could be prosecuted in the way that you could be prosecuted in Arizona, Tennessee, and Florida, these southern states. So there's something wrong with how those statutory schemes are set up. It's very clear that they're wrong, and it's very clear that they're very different than ours. The final point of distinction between that other case and our case, the Arizona case, is that there's a complete absence of anything related to gang violence, protecting the public from gang violence when you enhance a misdemeanor for some verbal threat that has nothing to do with a gang, and you enhance that somehow into a felony. That is a very different, again, this is a very different situation if you look at the actual statute that we have here in Illinois. So again, I'm asking you to do a side-by-side comparison. Please just look at our statute, and both statutes, by the way, as I've pointed out. Our statutory scheme, line it up against Arizona, Tennessee, and Florida, those provisions are completely different. If you line it up with the Washington Enhancement Statute that, again, goes to gang members with guns, the Texas statute, the Ohio statute, the Ohio statute and the Texas statute have survived substantive due process challenges. This case, this statute is clearly like these other cases that have been upheld. Council talked about UUW by felon. Now, the legislature is entitled to draw these certain categories between people that present a heightened risk when armed with a firearm, and I would point out that our FOID Act does that. The FOID Act doesn't just limit gun possession, it doesn't allow gun possession to felons, it also prevents the mentally ill, it prevents minors, it prevents domestic violence abusers also from possessing guns. These have been found valid. Why? Because the legislature is entitled, there's a rational relationship between people that present a heightened risk, and that would include gang members who are not just people who wear colors or have a tattoo. These are people that are integral cogs of a criminal organization. That these individuals, clearly, the legislature has a duty, not just an obligation, a duty, a responsibility to draw a line so that these individuals that present a heightened risk of danger to the people, to the citizens of the state, county, and city, that they're protected. This is the rational relationship test, in a nutshell, for a substantive due process challenge. It is eminently met by our statutory scheme. Our statutory scheme is entirely different than the Florida or Tennessee cases that are so broad that that dragnet could bring in anybody. It could just bring in anybody with qualifying. That's ridiculous. It's frankly ridiculous, and it's nothing to do with our statutory scheme. I said I'd circle around to the Eighth Amendment claim. I just want to clarify something about the Eighth Amendment cruel and unusual claim. Robinson versus California is a leading case from the United States Supreme Court. And that case dealt with a pure condition, a disease. The California legislature actually criminalized the state of being a narcotics addict. A pure disease, something that somebody has no volitional control over, something that somebody doesn't choose. No one would choose to be a drug addict. And yet California somehow criminalized that. Well, again, the Supreme Court had made short shrift of that, got rid of that, and declared that to be a violation of the cruel and unusual clause of the Eighth Amendment. Now, the Powell versus Texas, these two cases need to be seen together and how they work. Because Powell versus Texas on its face looks very similar. Powell versus Texas was a statute of provision that criminalized public drunkenness. So drunkenness, alcoholism, on the one hand, seems very similar to narcotics addiction. So we're talking about status. We're talking about something that's beyond the personal control of an individual. We're not talking about choosing to be a member of a criminal organization. We're talking about something that somebody has no control over, no volition. In Powell, interestingly enough, the Supreme Court said that there's a distinction here. That public drunkenness is public conduct. It has effects, it can have harmful effects on the public. The public needs to be protected from this conduct. And that's where the distinction is drawn in the Eighth Amendment between what some people call status. You could also say condition, a disease, something that is beyond the personal control of an individual versus something that is conduct, something that is very much within the personal control of an individual. Now, there are two ways to avoid prosecution under this case. One is to not illegally possess a firearm in public. And the other is not to volitionally, willfully, knowingly, as the statute requires, knowingly, and voluntarily joining a criminal enterprise and being, not just joining it, but being a part of it. It talks about, the statute talks about aiding, abetting, being an accessory. You have to be a cog in the criminal machine. It's not simply that you joined up on Tuesday and you get arrested on Wednesday. That's not how our statute works. And again, I mean, this is how we're all put behind the eight ball, because we haven't had a chance to maybe review the text of the statute. But the text of the statute is absolutely critical, especially when we're talking about public policy of this high degree. We're talking about the highest level of public policy. We're talking about- Mr. Walters, I'm going to interrupt you because you said you needed 15 minutes, but I actually gave you 21 minutes. So I'm going to ask you if you have a few more things you need to say to us, you can go ahead and take about 30 seconds and do that. Your Honor, with that, I appreciate the extra time. I really do. I just want to say, again, the people respectfully request that this court affirm the judgment of the circuit court below affirming or dismissing the post-conviction petition. Okay. Thank you, Mr. Walters. Ms. Punjabi? Thank you. There were just a couple of quick points that I wanted to make. I appreciate the distinction that counsel is drawing that gang member, as it's defined here, is a narrowly drawn definition. Nevertheless, it's still an associational status. It may be a more narrowly drawn associational status, but it's still the kind of associational status that requires it spelled out in the statute that that firearm possession has to be gang-related, related to gang activity somehow. And it could be as simple as adding one phrase to the statute. I think you could cure the constitutional infirmity fairly simply. Right now, it says a person commits unlawful possession of a firearm by a street gang member when he or she knowingly possesses, carries, conceals a firearm without a valid FOIA card. It could be as simple as he commits unlawful possession of a firearm by a street gang member when he or she knowingly, in furtherance of street gang-related activity or in assistance or to promote, then possesses, carries, conceals a firearm without a valid FOIA card. I do want to say that I was under the impression that my office had served the state with my motion to cite additional authority. If that did not happen, somehow I do apologize that that was not my intention to ambush anybody. So I do apologize for that, that you did not receive that notice. I'm not sure how that happened. Now, counsel did say that he doesn't believe the substantive due process challenge is properly before this court. I do acknowledge that I raised this as an Eighth Amendment challenge in my opening and reply brief. The court then requested supplemental briefing on these cases that struck down similar statutes under substantive due process theory, in which case I then asserted a substantive due process challenge pursuant to the authority that the court had requested supplemental briefing on. I think counsel says that I only spend one sentence in my supplemental brief asserting that challenge. That's not how I would characterize it. I spend the whole brief talking about why the same substantive due process constitutional infirmity that existed in OCN bonds is present here. So I would not agree with that characterization that my argument substantive due process challenge was only one sentence. You know, with respect to the Eighth Amendment challenge. Counsel, I think Justice Pierce has a question. Oh, I'm sorry. Yes, I do. If a circumstance existed where gang members are in a gang war and the police come on the scene and they can establish that it's one gang against another gang and these are gang members and they arrest the defendant and he's in possession of a weapon without a Floyd card, would the statute be constitutionally applied? To that situation. Not not where the statute doesn't require that the state prove that the pointless gun possession is related to gang activity. Would this statute apply to that situation? In other words, they arrested defendant. He's got a gun. He doesn't have a Floyd card. They can establish he's a gang member. They can establish that there was gang related. Um, would the statute apply? So you're saying that where the evidence clearly would show that connection, that nexus? Yes, I would say the statute is still not. Would this statute apply is my question. Yes or no? The defendant be charged with UUW and get an enhanced sentence because he's a gang member. He was in possession of a gun. He didn't have a Floyd. The statute would still. I mean, they could bring the charges. The statute would still be unconstitutional because why would that be? Because it doesn't require the state to prove that connection. I mean, it's kind of a strange thing to say that the only way the statute can be validly applied is if the state goes above and beyond what it requires. That's kind of like writing in an extra requirement in order to save the statute's defect. And I acknowledge that this court is to construe statutes in such a way as to uphold their constitutionality when possible. But that falls short of. Let me interrupt you because time is running short. Sure. You're making a facial challenge to the constitutionality of the statute. That means under no circumstance can this statute be validly applied. And I don't think you've done that. But the statute still I understand your point, Your Honor. The court is to construe these statutes such as to uphold their constitutionality whenever possible, the court cannot or should not write in extra requirements here. The statute just doesn't have the requirement that it needs of this nexus as as the Supreme Court has explained, it just doesn't have and you can't write in the requirement for it. And that's the fundamental, fundamental defect as we see it. With respect to the 8th Amendment challenge, I'll just be really brief and make one last point. I acknowledge the distinction that counsel is making in Robinson, where you have the status offense there that that case prohibits under the 8th Amendment status offenses and the status was that of narcotics addict. And I acknowledge that that is a different kind of status. Excuse me, Miss Punjabi, you're actually out of time. So if you want to take 30 seconds and say something to us, you can, but you're out of time now. I will just take one quick second to say that we are relying on the city of Chicago, the UConn to for the authority that gang member status is an association in the 8th Amendment context for purposes of the 8th Amendment prohibition on status offenses. And I appreciate the extra minute or two. And again, I respectfully request that this court strike down Section 24-1.8 as patiently invalid. OK, thank you, Miss Punjabi. Thank you, Mr. Walters. OK, have a good day. The hearing is adjourned.